IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ANTHONY SCOTT, | CV 18-00089-BLG-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| BILLINGS POLICE DEPARTMENT, STEVE HALLAM, SETH FROSTER, DAVID FIREBAUGH, and KENNETH TUSS, | |
| Defendants. | |

Plaintiff Anthony Scott, a pre-trial detainee proceeding without counsel, filed a Motion to Proceed in Forma Pauperis (Doc. 4) and two proposed Complaints alleging Defendants falsely arrested him on January 17, 2018. (Docs. 1, 5.) The request to proceed in forma pauperis will be granted. The Court should abstain from deciding Mr. Scott's claims challenging his arrest and the pending criminal charges against him. Defendants will be required to respond to Mr. Scott's claims of excessive use of force.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Scott's motion to proceed in forma pauperis is sufficient to make the showing required by 28 U.S.C. §1915(a) and the request to proceed in forma

pauperis will be granted.  Because he is incarcerated, Mr. Scott must pay the

statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The initial partial filing

fee is waived, and Mr. Scott may proceed with the case.  *See Bruce v. Samuels*,

136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the

prisoner has no means to pay it, § 1915(b)(4)").  He will, however, be required to

pay the fee in installments and make monthly payments of 20% of the preceding

month's income credited to his prison trust account.  The percentage is set by

statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Mr. Scott must make these

monthly filing-fee payments simultaneously with the payments required in any

other cases he has filed.  *Id.*  By separate order, the Court will direct the facility

where Mr. Scott is held to forward payments from Mr. Scott's account to the Clerk

of Court each time the account balance exceeds $10.00, until the filing fee is paid

in full.  28 U.S.C. § 1915(b)(2).

## II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Because Mr. Scott is a prisoner proceeding in forma pauperis, the Court

must screen his Complaint under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint

filed in forma pauperis and/or by a prisoner against a governmental defendant

before it is served if it is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pleaded in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to satisfy the requirements in Rule 8 a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662.

3

First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Id.* at 679, 681.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability.  *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief.  *Iqbal*, 556 U.S. at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."  *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards

than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94

(2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do

justice").

## III.  STATEMENT OF THE CASE

### A.    Parties

Mr. Scott has checked the box for "official capacity" under each of the

named Defendants.  Suing an individual in their "official capacity" is simply

another way to plead a claim against the entity which they represent.  *Kentucky v.*

*Graham*, 473 U.S. 159, 165 (1985).  Such a suit "is not a suit against the official

personally, for the real party in interest is the entity."  *Graham*, 473 U.S. at 166.

"There is no longer a need to bring official-capacity actions against local

government officials, for under [*Monell v. Dep't of Social Servs.*, 436 U.S. 658

(1978) ], local government units can be sued directly for damages and injunctive

or declaratory relief.".  *Graham*, 473 U.S. at 167 n.14.

As Mr. Scott has not raised any claims against the City of Billings, the

Court will assume for purposes of this Order that Mr. Scott intended to name the

individuals as defendants in their personal capacity.  Should he wish to bring a

claim against the City of Billings, he must amend his Complaint.  The City of

Billings will be recommended for dismissal

**B.     Facts**

Mr. Scott alleges that on January 17, 2018, the Billings Police Department conducted an investigation for drugs at his place of employment.  The officers searched Mr. Scott's car and found a ziplock bag containing a white substance which field tested positive for cocaine.  Mr. Scott then gave his consent for the officers to search his home where additional drugs were found.  Mr. Scott alleges that he was handcuffed while the officers searched his home and the handcuffs cut off his blood flow.

He contends that on April 10, 2018, a chemical analysis report shows that no controlled substance was identified in the ziplock bag recovered from his vehicle.  He claims Officers Steve Hallam, Seth Froster, Kenneth Tuss, and David Firebaugh were all present on the scene and their reports stated "false events."

**C.  Claims**

Mr. Scott lists his claims as false arrest, defamation of character, cruel and unusual punishment, job loss, excessive force, pain and suffering, home invasion, property damages, and false imprisonment**.**

**IV.     ANALYSIS**

The Court must abstain from considering Mr. Scott's claims challenging his ongoing criminal proceedings but his claims of excessive force will be allowed to

proceed.

### A. Younger Doctrine

Challenges to ongoing criminal proceedings are barred by the doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff.  *Younger*, 401 U.S. at 45; *see also Gooding v. Hooper*, 394 F.2d 146 (9th Cir. 1968), cert. denied 391 U.S. 917 (1968).  *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) *overruled on other grounds Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001) (citing *Younger*, 401 U.S. at 40-41).  Abstention also applies to federal civil actions requesting money damages where the ongoing state action is a criminal prosecution.  *Martinez*, 125 F.3d at 781 (*citing Mann v. Jett*, 781 F.2d 1448 (9th Cir. 1986)).  Federal courts may raise the issue of *Younger* abstention sua sponte. *Martinez*, 125 F.3d at 781 n.3 (*citing Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)); *see also San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 n. 5 (9th Cir. 1998)(noting that the district and appellate courts can raise the issue sua sponte).

7

"Abstention in civil cases 'is appropriate only when the state proceedings: (1) are ongoing, (2) are quasi-criminal enforcement actions or involve a state's interest in enforcing the orders and judgments of its courts, (3) implicate an important state interest, and (4) allow litigants to raise federal challenges.'" *Cook v. Harding*, 879 F.3d 1035, 1039 (9th Cir. 2018)(*quoting ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 759 (9th Cir. 2014), *Sprint Commc'ns., Inc. v. Jacobs*, 571 U.S. 69, 81 (2013)).  Where all elements are met, the court must dismiss claims for equitable relief because it lacks the discretion to grant such relief, *Beltran v. California*, 871 F.2d 777, 782 (9th Cir. 1988), and stay claims for damages until the resolution of the underlying criminal proceeding. *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004).

All the elements of *Younger* abstention are established in this case.  First, as alleged in the Complaint, criminal charges have been initiated against Mr. Scott, therefore there are ongoing state criminal proceedings.

Secondly, these proceedings revolve around important state interests to enforce the local and state laws. *See Younger*, 401 U.S. at 43-44.  The State of Montana, through its state and local prosecuting offices, has a significant state interest in prosecuting conduct that constitutes a criminal offense under the laws of Montana.  This Court may not interfere with those interests when the

prosecutorial process is ongoing.

Third, Mr. Scott has an adequate opportunity in the state district court to raise federal questions and concerns that affect his federal rights. Mr. Scott has opportunities under Montana law, and the laws and rules of criminal procedure set forth in Title 46, Mont. Code Ann., to file motions, or to request certain forms of relief from the state court to address the alleged violations of his federal rights relative to his prosecution.

Fourth, this action would unduly interfere with the state criminal proceeding in a way *Younger* disapproves. Any decisions regarding whether or not Mr. Scott was falsely arrested, defamed, had his home invaded or was falsely imprisoned would interfere with the state criminal proceeding as Mr. Scott is asking this Court to decide that which may be the ultimate issue in his criminal proceeding. Accordingly, all four prongs of the *Younger* test have been satisfied and the Court must abstain from adjudicating Mr. Scott's claims under *Younger*, 401 U.S. 37.

Absent exceptional circumstances, district courts do not have discretion to avoid the doctrine if the elements of *Younger* abstention exist in a particular case. *City of San Jose*, 546 F.3d at 1092 (citation omitted). The recognized exceptional circumstances are limited to "a 'showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate.'" *Id.*

9

(*quoting Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 435 (1982)).  Mr. Scott has not sufficiently alleged an exceptional circumstance sufficient to avoid abstention.

The Court should therefore abstain from hearing Mr. Scott's claims of false arrest, defamation of character, job loss, home invasion, property damages, and false imprisonment and dismiss these claims without prejudice.

**B.  Claims Not Covered by Younger**

Mr. Scott has also alleged claims of cruel and unusual punishment, excessive force, and pain and suffering.  The Court presumes that these claims arise from Mr. Scott's allegations that he was handcuffed while his home was searched.  Specifically, Mr. Scott alleges he was handcuffed in a "cage inside of a truck" and remained in handcuffs while his home was searched until "he had to bang on the cage because the handcuffs was cutting his blood flow off."  He was then uncuffed for awhile until he was sent to the Yellowstone County Detention Facility.  (Complaint, Doc. 5 at 10-11.)

These allegations are most properly construed as a Fourth Amendment excessive force claim.  *See Graham v. Connor*, 490 U.S. 386, 396 (1989) (holding that a Fourth Amendment excessive force analysis "requires careful attention to the facts and circumstances of each particular case, including the severity of the

crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight"). Overly tight handcuffing can constitute excessive force. *Wall v. County of Orange*, 364 F.3d 1107, 1111 (9th Cir. 2004)(*citing Meredith v. Erath*, 342 F.3d 1057, 1061, 1063–64 (9th Cir. 2003); *LaLonde v. County of Riverside*, 204 F.3d 947, 960 (9th Cir. 2000). Accordingly, Defendants will be required to respond to this claim.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Scott's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2. The Clerk shall remove the word "LODGED" from the docket entry for the Complaints. (Docs. 1,5).

3. Pursuant to Fed. R. Civ. P. 4(d), the Court will request Defendants Steve Hallam, Seth Froster, David Firebaugh, and Kenneth Tuss to waive service of summons of the Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within 30 days of the entry date of this Order as reflected on the Notice of Electronic Filing. If Defendants choose to return the Waiver of Service of Summons, their answer or

appropriate motion will be due within 60 days of the entry date of this Order as

reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P.

12(a)(1)(B).  *See also* 42 U.S.C. § 1997e(g)(2).

    4.  The Clerk of Court shall forward the documents listed below to

Defendants Steve Hallam, Seth Froster, David Firebaugh, and Kenneth Tuss:

*      Complaint (Doc. 1);
*      Complaint (Doc. 5);
*      this Order;
*      a Notice of Lawsuit & Request to Waive Service of Summons; and
*      a Waiver of Service of Summons.

Counsel for Defendants must file a "Notice of Appearance" as a separate

document at the time an Answer or Rule 12 motion is filed.  See D. Mont. L.R.

12.2.

    5.  Any party's request that the Court grant relief, make a ruling, or take an

action of any kind must be made in the form of a motion, with an appropriate

caption designating the name of the motion, served on all parties to the litigation,

pursuant to Federal Rules of Civil Procedure 7, 10, and 11.  If a party wishes to

give the Court information, such information must be presented in the form of a

notice.  The Court will not consider requests made or information presented in

letter form.

    6.  Pursuant to Local 26.1(d) "no party may begin discovery until a

scheduling order has been issued."

7.  At all times during the pendency of this action, Mr. Scott must immediately advise the Court and opposing counsel of any change of address and its effective date.  Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  The Billings Police Department should be DISMISSED WITHOUT PREJUDICE.

2.  The Court should abstain from hearing Mr. Scott's claims of false arrest, defamation of character, job loss, home invasion, property damages, and false imprisonment pursuant to *Younger*.  These claims should be DISMISSED WITHOUT PREJUDICE.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Scott may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Scott is being served by

to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 11th day of July, 2018.


_Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge

---

mail, he is entitled an additional three (3) days after the period would otherwise expire.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ANTHONY SCOTT,<br><br>   Plaintiff,<br><br>  vs.<br><br>BILLINGS POLICE DEPARTMENT,<br>STEVE HALLAM, SETH FROSTER,<br>DAVID FIREBAUGH, and<br>KENNETH TUSS,<br><br>   Defendants. | CV 18-00089-BLG-DLC-JCL<br><br><br>Rule 4 Notice of a Lawsuit and<br>Request to Waive Service of Summons |

TO:  Officers Steve Hallam, Seth Froster, David Firebaugh, and Kenneth Tuss
     c/o Billings Police Department
     220 North 27th Street
     Billings, MT 59101

and

     Billings City Attorney
     210 N. 27th Street
     Billings, MT 59101.

   A lawsuit has been filed against you or individuals you may represent in this

Court under the number shown above.  A copy of the Complaints are attached.

   This is not a summons or an official notice from the court.  It is a request

that, to avoid the cost of service by the U.S. Marshals Service, you waive formal

service of a summons by signing and returning the enclosed waiver.  To avoid

1

these expenses, you must file the signed waiver within 30 days from the date

shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants

were served on the date the waiver is filed, but no summons will be served on

Defendants and Defendants will have 60 days from the date this notice is sent (see

the date below) to answer the complaint.

If you do not return the signed waiver within the time indicated, the Court

will order the U.S. Marshals Service to serve the summons and complaint on

Defendants and may impose the full costs of such service.

Please read the statement below about the duty to avoid unnecessary

expenses.

DATED this 11th day of July, 2018.


 *Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ANTHONY SCOTT, | CV 18-00089-BLG-DLC-JCL |
| Plaintiff, | |
| vs. | Rule 4 Waiver of the Service of Summons |
| BILLINGS POLICE DEPARTMENT, STEVE HALLAM, SETH FROSTER, DAVID FIREBAUGH, and KENNETH TUSS, | |
| Defendants. | |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case.  Defendants also received a copy of the Complaints.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaints in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____ ;   _____ ;

_____ ;   _____ ;

_____ ;   _____ ;

1

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)

2