Harlan B. Krogh
Eric Edward Nord
Crist, Krogh & Nord, PLLC
2708 First Avenue North, Suite 300
Billings, Montana  59101
Telephone: (406) 255-0400
Facsimile: (406) 255-0697
hkrogh@cristlaw.com

    *Attorneys for Defendants Steve Hallam, Seth Foster, David Firebaugh and Kenneth Tuss*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| ANTHONY SCOTT,<br><br>                           Plaintiff,<br><br>vs.<br><br>BILLINGS POLICE DEPARTMENT, STEVE HALLAM, SETH FOSTER, DAVID FIREBAUGH, and KENNETH TUSS<br><br>                         Defendants. | Cause No. CV-18-89-BLG-DLC-JCL<br><br>**NOTICE AND WARNING OF DEFENDANTS STEVE HALLAM, SETH FOSTER, DAVID FIREBAUGH, AND KENNETH TUSS TO PLAINTIFF PURSUANT TO LOCAL RULE 56.2(a)** |

    TO:    **Anthony Scott, Pro Se Plaintiff, c/o:**
               **Yellowstone County Detention Facility**
               **3165 King Ave. E.**
               **Billings, MT 59101**

**NOTICE AND WARNING TO PLAINTIFF**

The Court requires this Notice and Warning to be given to all *pro se* prisoner litigants when an opposing party files a motion for summary judgment.

Defendants Steve Hallam, Seth Foster, David Firebaugh, and Kenneth Tuss (collectively, the "Individual Defendants"), have moved for summary judgment by which they seek to have all your remaining claims dismissed and judgment entered against you. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case as to the claims that you have against the Individual Defendants that they allegedly violated your constitutional rights by using excessive force.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations or other sworn testimony, you cannot simply rely on what your complaint says. Instead, you must set out specific facts in the record, including depositions, documents, affidavits or declarations, stipulations,

admissions, interrogatory answers, or other materials, as provided in Rule 56(c), or comply with Rule 56(d), to contradict the facts shown in the other party's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, judgment will be entered against you and there will be no trial.

Additionally, a local rule of the District of Montana, D. Mont. L.R. 56.1(b), requires that "[a]ny party opposing a motion for summary judgment must file a Statement of Disputed Facts setting forth specific facts, if any, that establish a genuine issue of material fact precluding summary judgment in favor of the moving party."

DATED this 31st day of August, 2018.

By:    /s/ Harlan B. Krogh
      Harlan B. Krogh
      Crist, Krogh & Nord, PLLC
      2708 First Avenue North, Suite 300
      Billings, MT 59101
      Attorney for the Individual
      Defendants

## CERTIFICATE OF SERVICE

  I hereby certify that on the 31st day of August, 2018, a copy of the foregoing document was served on the following persons by the following means:

|   |   |
|---|---|
| __1__ | CM/ECF |
| _____ | Hand Delivery |
| __2__ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | Email |

1. Clerk, U.S. District Court

2. Anthony Scott
   Yellowstone County Detention Facility
   3165 King Ave. E.
   Billings, MT 59101

            By: /s/ Harlan B. Krogh
               Harlan B. Krogh
               Attorney for the Individual Defendants