IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ANTHONY SCOTT, | CV 18-00089-BLG-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| STEVE HALLAM, SETH FROSTER, DAVID FIREBAUGH, and KENNETH TUSS,[1] | |
| Defendants. | |

Before the Court are Defendants' Cross Motion for Summary Judgment
(Doc. 25) and the following motions filed by Plaintiff Anthony Scott:  September
10, 2018 Motion to Grant Relief (Doc. 36), September 11, 2018 Motion–
Statement of Disputed Facts (Doc. 40), September 11, 2018 Motion for Summary
Judgment/Motion to Amend/Refile Claims (Doc. 41), and September 18, 2018
Motion for Summary Judgment (Doc. 45.)

On September 19, 2018, Scott's claims of false arrest, defamation of
character, job loss, home invasion, property damages, and false imprisonment were

---

[1]The case style has been amended to reflect the dismissal of the Billings
Police Department (Doc. 48) and to correct the spelling of Defendant Foster's
name as indicated in his Answer (Doc. 18).

dismissed without prejudice.  (Doc. 48.)  Accordingly, the only claim currently

pending before the Court is Scott's claim of excessive force arising out of an

incident on January 17, 2018 when he was allegedly handcuffed too tightly.

Defendants have presented undisputed evidence that none of the currently named

Defendants were involved in the handcuffing of and transport of Scott.  As such,

Defendants' cross motion for summary judgment should be granted.

Scott's various motions seeking relief and/or for summary judgment (Docs.

36, 40, 41, 45) appear to seek summary judgment on the excessive force claims

based upon the dismissal of his state court charges.  In light of the recommendation

to dismiss the excessive force claims, these motions should be denied to the extent

they seek relief based upon the excessive force claims against Defendants Hallam,

Foster, Firebaugh, and Tuss.

Given the dismissal of the underlying criminal charges against Scott, he will

be permitted to file an amended complaint, which he has in fact done.

## I.  Cross Motion for Summary Judgment

### A.  Standard

Summary judgment is appropriate when the moving party "shows that there

is no genuine dispute as to any material fact and the movant is entitled to judgment

as a matter of law."  Fed. R. Civ. P. 56(a).  Under summary judgment practice,

"[t]he moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).  The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(A), (B).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (*citing Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).  Summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *See Celotex*, 477 U.S. at 322.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial." *Id.* at 323.  In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.*

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(c)(1); *Matsushita*, 475 U.S. at 586 n.11.  But "[a] plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal knowledge and sets forth specific facts admissible in evidence." *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby,*

4

*Inc.*, 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all inferences supported by the evidence in favor of the non-moving party." *Walls v. Cent. Costa Cnty. Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011).  It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  *See Richards v. Nielsen Freight Lines*, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586 (citations omitted).

### B.  Analysis

It is undisputed that Defendants Hallam, Foster, Firebaugh and Tuss did not detain Scott during the searches of his person, vehicle or house nor did they handcuff him or release the handcuffs on Scott.  (Defendants' Statement of Undisputed Facts, Doc. 27 at 10, 13, 16.)  As such, Defendants Hallam, Foster, Firebaugh, and Tuss's cross motion for summary judgment on Scott's excessive force claim should be granted.

## II.  Motions for Relief on Excessive Force Claim

In light of the recommendation that the excessive force claims be dismissed

as to Defendants Hallam, Foster, Firebaugh, and Tuss, Scott's motions for relief based upon the excessive force claim against Defendants Hallam, Foster, Firebaugh, and Tuss should be denied.

## III.  Motion to Amend

In his September 11, 2018 filing–denominated as a motion for summary judgment (Doc. 41), Scott seeks to amend/reinstate his claims of false arrest, false imprisonment, defamation, slander, humiliation, illegal search and seizures, property lost, property damages, and racial discrimination.  These claims were dismissed without prejudice on September 19, 2018.  (Doc. 48.)  The state court criminal charges against Scott have now been dismissed and therefore the Court will construe this filing as a motion to amend to reinstate the claims dismissed without prejudice pursuant to *Younger*.  Defendants concede that the motion to amend is timely.  Accordingly, the motion to amend/reinstate claims (Doc. 41) will be granted.  On September 26, 2018, Scott submitted a complaint form which the Clerk of Court will be directed to file as an amended complaint.

Based upon the foregoing, the Court issues the following:

## ORDER

Scott's Motion to Amend (Doc. 41) is GRANTED.  The Clerk of Court is directed to file the Complaint submitted by Scott on September 26, 2018 as an

Amended Complaint in this case.  Defendants shall have 14 days from the date of this Order to file a response to the Amended Complaint.  *See* Fed.R.Civ.P. 15(a)(3).

Further, the Court issues the following:

## RECOMMENDATIONS

1.  Scott's September 10, 2018 Motion to Grant Relief (Doc. 36) to the extent it seeks relief based upon his claim of excessive force against Defendants Hallam, Foster, Firebaugh, and Tuss should be DENIED.

2.  Scott's September 11, 2018 Motion–Statement of Disputed Facts (Doc. 40) to the extent it seeks relief based upon his claim of excessive force against Defendants Hallam, Foster, Firebaugh, and Tuss should be DENIED.

3.  Scott's September 11, 2018 Motion for Summary Judgment (Doc. 41) should be DENIED to the extent it seeks relief based upon his claim of excessive force against Defendants Hallam, Foster, Firebaugh, and Tuss.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure

---

[2]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is

to timely file written objections may bar a de novo determination by the district

judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

until entry of the District Court's final judgment.

DATED this 28th day of September, 2018.


_/s/ Jeremiah C. Lynch_____
Jeremiah C. Lynch
United States Magistrate Judge

---

made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would
otherwise expire under Rule 6(a)."  Therefore, since Scott is being served by mail,
he is entitled an additional three (3) days after the period would otherwise expire.