IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| ANTHONY SCOTT,<br><br>    Plaintiff,<br><br>vs.<br><br>STEVE HALLAM, SETH FROSTER,<br>DAVID FIREBAUGH, and<br>KENNETH TUSS,<br><br>    Defendants. | CV 18-00089-BLG-DLC-JCL<br><br><br>AMENDED RECOMMENDATIONS OF<br>UNITED STATES MAGISTRATE JUDGE |

On September 28, 2018, this Court issued Findings and Recommendations regarding the pending motions in this matter. Although all motions were addressed in the body of the Order, the Recommendation section of the Court's September 28, 2018 Order and Findings and Recommendations (Doc. 52) failed to specify recommendations regarding Defendants' Cross Motion for Summary Judgment and Scott's Motion for Summary Judgment (Doc. 45).

Based upon the analysis set forth in the Court's September 28, 2018 Order and Findings and Recommendations (Doc. 52), the Court issues the following:

### RECOMMENDATIONS

1. Defendants' Cross Motion for Summary Judgment (Doc. 25) should be GRANTED.

1

2. Scott's September 18, 2018 Motion for Summary Judgment (Doc. 45.) should be DENIED to the extent it seeks relief based upon his claim of excessive force against Defendants Hallam, Foster, Firebaugh, and Tuss.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of October, 2018.

    /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Scott is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.